# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SABRINA PARR,
      Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
      Defendant.

Case No. 1:15-cv-314
Beckwith, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial

review of the final decision of the Commissioner of Social Security (Commissioner) denying

plaintiff's applications for disability insurance benefits (DIB) and supplemental security income

(SSI). This matter is before the Court on plaintiff's Statement of Errors (Doc. 9), the

Commissioner's response in opposition (Doc. 20), and plaintiff's reply (Doc. 21). This matter is

also before the Court on the Commissioner's Motion for Voluntary Remand to the

Commissioner for further administrative proceedings (Doc. 14), plaintiff's response in

opposition (Doc. 15), and the Commissioner's reply (Doc. 18).

## I. Procedural Background

Plaintiff protectively filed her applications for DIB in June 2009 and for SSI in December

2009, alleging disability since December 5, 2007, due to depression, bi-polar disorder,

posttraumatic stress disorder (PTSD), Hepatitis C, nerve damage, and "a car accident." (Tr.

180). Administrative Law Judge (ALJ) Kristen King issued a decision denying plaintiff's

applications for benefits on December 9, 2011. (Tr. 633-55). ALJ King found that plaintiff

suffered from the severe impairments of "bipolar disorder; posttraumatic stress disorder; mood

disorder; and history of polysubstance abuse, reportedly in remission." (Tr. 638). The ALJ

determined that plaintiff retained the residual function capacity (RFC) to perform a full range of

work at all exertional levels with the following nonexertional limitations:

> The claimant must avoid all exposure to unprotected heights. The claimant is
> limited to simple, routine, repetitive tasks; occasional interaction with the public,
> but no transactional interaction, such as sales or negotiations; and occasional
> interaction with coworkers and supervisors. The claimant is further limited to low
> stress work, which is defined as no more than occasional changes in the work
> setting and no dealing with customer complaints or emergency service tasks.

(Tr. 641).

After the Appeals Council denied plaintiff's request for review, she appealed the ALJ's

decision to the district court. *See Sabrina Parr v. Comm'r*, Case No. 1:13-cv-0031 (S.D. Ohio).

On February 19, 2014, the District Judge issued an Order adopting the Magistrate Judge's Report

and Recommendation (Tr. 679-80), which recommended that the matter be remanded based on

the ALJ's failure to properly evaluate the medical opinion evidence (Tr. 662-678). The matter

was remanded for reweighing of the medical opinion evidence, as well as further evaluation of

plaintiff's credibility and the vocational evidence as warranted.

On remand, additional evidence was introduced into the record and a second hearing was

held before ALJ King on December 2, 2014. (Tr. 598-632). Plaintiff appeared at the hearing

with counsel, and a VE was also present and testified. At the hearing, plaintiff requested that her

application be amended to reflect a closed period of disability beginning on December 5, 2007

and continuing through July 2, 2013, on which date she returned to work. (Tr. 603-04; *See* Tr.

761). On February 13, 2015, the ALJ issued a decision denying plaintiff's applications for

benefits. (Tr. 565-97). Plaintiff's request for review by the Appeals Council was denied,

making the decision of the ALJ the final administrative decision of the Commissioner.

2

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A) (DIB), 1382c(a)(3)(A) (SSI). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.,* 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.; Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to

perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers,* 582 F.3d at 652; *Harmon v. Apfel,* 168 F.3d 289, 291 (6th Cir. 1999).

### B. Contributing factor material to the disability determination

Under the Social Security Act, "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C), 42 U.S.C. § 1382c(a)(3)(J). The implementing regulations set forth the sequential evaluation process the ALJ must follow when a claim involves an issue of substance abuse. 20 C.F.R. §§ 404.1535, 416.935).[1] The regulations require that the ALJ "first determine whether a claimant suffers from a disability before proceeding - if necessary - to a determination of whether the

---

[1] 20 C.F.R. §§ 404.1535(a), 416.935(a) state that if the Commissioner finds the claimant is disabled and has "medical evidence of [the claimant's] drug addiction or alcoholism [DAA]," a determination must be made as to whether DAA is "a contributing factor material to the determination of disability." Subsection (b) establishes the procedure to be followed in making this determination:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.

> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

>> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.

>> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

4

substance abuse is a 'contributing factor material to the determination of disability.'" *Cook v. Commissioner of Social Security*, No. 15-cv-592, 2016 WL 3944757, at *9 (S.D. Ohio June 29, 2016) (Report and Recommendation), *adopted*, 2016 WL 3945695 (S.D. Ohio July 19, 2016) (citing 20 C.F.R. §§ 404.1535, 416.935)).  To make this determination, the ALJ (1) evaluates which of the claimant's physical and mental limitations upon which the initial disability determination was based would remain if the claimant stopped using drugs or alcohol, and (2) then decides whether those remaining limitations would continue to be disabling.  *Boziak v. Commissioner of Social Sec.*, No. 1:12-cv-2671, 2013 WL 5279140, at *10 (N.D. Ohio Sept. 18, 2013) (citing 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2)).  If the remaining limitations are not disabling absent DAA, the ALJ must find that substance abuse materially contributed to the finding of disability and the claimant is not entitled to disability benefits.  *Id.* (citing 20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i)).

Social Security Ruling 13-2p governs the evaluation of cases involving drug addiction and alcoholism.  SSR 13-2 p, 2013 WL 621536 (Feb. 20, 2013), *amended*, March 22, 2013.  SSR 13-2p provides that the analysis of whether DAA is a contributing factor material to the disability determination is to be applied when a claim includes evidence from "acceptable medical sources . . . establishing that DAA is a medically determinable impairment(s)."  *Id.*, at * 2 (citing 20 C.F.R. §§ 404.1513, 416.913).  The ALJ makes a DAA materiality determination only when: (1) there is "medical evidence from an acceptable medical source establishing that a claimant has a Substance Use Disorder," and (2) the claimant is found to be disabled "considering all impairments, including the DAA."  *Id.*, at *4.

In a case where the plaintiff has medically determinable impairments in addition to the DAA and the plaintiff is disabled considering all of her impairments, including DAA, the ALJ must apply a second sequential evaluation process to determine: (1) whether the plaintiff's other medically determination impairments are disabling in and of themselves while the claimant is abusing drugs or alcohol; or (2) whether DAA is causing or affecting the claimant's other medically determinable impairments to the point where the other impairments could be found nondisabling in the absence of DAA. *Id.*, at *6-7. Where the claimant has at least one other medically determinable impairment that could be disabling by itself, a determination must be made as to whether the other impairment might improve to the point of nondisability if the claimant were to stop using drugs or alcohol. *Id*, at *7. This step requires the ALJ to "project the severity of the claimant's other impairment(s) in the absence of DAA." *Id.* The ALJ makes this finding based on the evidence in the record and may consider medical opinion evidence about the "likely remaining medical findings and functional limitations the claimant would have in the absence of DAA." *Id.* DAA is material if the claimant's other impairments, in the absence of DAA, would improve to the point that the claimant would not be disabled. *Id.*, at *8. On the other hand, if the claimant were to stop using drugs or alcohol and her other impairments would not improve to the point that the claimant would not be disabled, then DAA is not material to the disability determination and the claimant is disabled. *Id.*, at *8.

The SSA acknowledges in SSR 13-2p that it is not possible to "predict reliably that any given claimant's co-occurring mental disorder would improve, or the extent to which it would improve, if the claimant were to stop using drugs or alcohol." *Id.*, at *9. To make a finding that DAA is material in such a case, the ALJ therefore "must have evidence in the case record that

6

establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA." *Id.* In contrast to cases involving physical impairments, the ALJ is not permitted to "rely exclusively on medical expertise and the nature of a claimant's mental disorder." *Id.* If "the record is fully developed and the evidence does not establish that the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of DAA," the claim will be allowed. *Id.*

The ALJ "must provide sufficient information in [her] determination or decision that explains the rationale supporting [her] determination of the materiality of DAA so that a subsequent reviewer considering all of the evidence in the case record is able to understand the basis for the materiality finding and the determination of whether the claimant is disabled." *Id.*, at *2. The ALJ must provide sufficient information for a reviewer to understand the basis for the following findings:

> • The finding that the claimant has DAA;
>
> • The finding that the claimant is disabled at step 3 or step 5 of the sequential evaluation process considering all of his or her impairments, including DAA.
>
> • The finding that the claimant would still be disabled at step 3 or 5 of the sequential evaluation process in the absence of DAA, or the finding that the claimant would not be disabled at step 2, 4, or 5 of the sequential evaluation process in the absence of DAA.

*Id.*, at *14.

"The claimant has the burden of proving disability throughout the sequential evaluation process. . . . When [the ALJ] appl[ies] the steps of the sequential evaluation a second time to determine whether the claimant would be disabled if he or she were not using drugs or alcohol . .

. the claimant continues to have the burden of proving disability throughout the DAA materiality

analysis." *Id.*, at \*4

### B. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of

fact and conclusions of law:

> 1. The [plaintiff] met the insured status requirements of the Social Security Act through September 30, 2011.
>
> 2. The [plaintiff] did not engage in substantial gainful activity between December 5, 2007, the alleged onset date, and July 2, 2013, the conclusion of her requested closed period of disability (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
>
> 3. The [plaintiff] had the following severe impairments during her requested closed period of disability: bipolar disorder, post-traumatic stress disorder ("PTSD"), panic disorder with agoraphobia, and polysubstance abuse (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The [plaintiff]'s impairments, including the substance use disorders, met sections 12.04, 12.06, and 12.09 of 20 CFR Part 404, Subpart P, Appendix 1 during her requested closed period of disability (20 CFR 404.1520(d) and 416.920(d)).
>
> 5. If the [plaintiff] stopped the substance use, the remaining limitations would cause more than a minimal impact on the [plaintiff]'s ability to perform basic work activities; therefore, the [plaintiff] would continue to have a severe impairment or combination of impairments.
>
> 6. If the [plaintiff] had stopped the substance use during her requested closed period, the [plaintiff] would not have had an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).

7. If the [plaintiff] would have stopped the substance use, the [plaintiff] would have had the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: she would have been limited to simple, routine, and repetitive tasks in an environment where changes in work setting occurred no more than approximately 15% of the workday and where she would not be required to deal with customer complaints or emergency service tasks. The [plaintiff] would have further been limited to no more than occasional interaction with supervisors and co-workers and could have interacted with the public no more than approximately 15% of the workday; however, she could never have engaged in transactional interactions such as those involving sales or negotiations. Moreover, her use of medications would have required that she avoid all exposure to unprotected heights and the use of dangerous machinery.

8. If the [plaintiff] stopped the substance use, the [plaintiff] would be unable to perform past relevant work (20 CFR 404.1565 and 416.965).[2]

9. The [plaintiff] was born [in] . . . 1980 and was 27 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

10. The [plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

11.Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the [plaintiff] was "not disabled" as of the conclusion of her requested closed period whether or not the [plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

12. If the [plaintiff] stopped the substance use during her requested closed period, considering the [plaintiff]'s age, education, work experience, and residual functional capacity, there would have remained a significant number of jobs in the national economy she could have performed (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

13. The substance use disorder is a contributing factor material to the determination of disability because the [plaintiff] would not have been disabled if

---

[2] Plaintiff's past relevant work was as a child day care worker and a server, both of which are light semi-skilled positions, and a receptionist, which is a sedentary semi-skilled position. (Tr. 58, 588, 648).

she stopped the substance use (20 CFR 404.1520(g), 404.1535, 416.920(g) and 416.935). Because the substance use disorder is a contributing factor material to the determination of disability, the [plaintiff] has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through July 2, 2013, the end of her requested closed period.

(Tr. 571-90).

### III. Procedural History of District Court Proceedings

In her Statement of Errors filed on September 14, 2015, plaintiff alleges the following assignments of error: (1) the ALJ erred by failing to properly evaluate whether her drug use was "material"; (2) the ALJ erred in evaluating plaintiff's severe mental impairments and fashioning an RFC that did not account for plaintiff's moderate functional limitations; (3) the ALJ erred in weighing the medical opinion evidence; (4) the ALJ erred in evaluating plaintiff's credibility; and (5) the ALJ erred at Step Five of the sequential evaluation process by relying on hypothetical questions presented to the VE that did not accurately portray plaintiff's functional limitations. (Doc. 9).  Plaintiff requests a reversal and remand for an immediate award of benefits under Sentence Four of 42 U.S.C. § 405(g).

In response to the Statement of Errors, the Commissioner filed a motion for voluntary remand of this matter on December 18, 2015. (Doc. 14).  The Commissioner moved the Court to remand for further administrative proceedings and a new decision as to whether plaintiff is under a disability as defined by the Social Security Act.  Plaintiff filed a memorandum in opposition to defendant's motion. (Doc. 15).  Plaintiff notes that the Commissioner did not give a specific reason why a remand is necessary, and plaintiff alleges that a remand is not warranted because proof of disability for the closed period at issue is strong.  Plaintiff seeks a reversal and remand for an immediate award of benefits beginning December 5, 2007 and ending July 2,

10

2013, when she returned to work. (*See* Tr. 571). The Commissioner filed a reply in support of

the motion for voluntary remand on January 19, 2016. (Doc. 18). The Commissioner argues that

a reversal and remand for an award of benefits is not warranted because all essential factual

issues have not been resolved. The Commissioner argues there is evidence that shows plaintiff's

history of drug abuse during the period of alleged disability, but there is also evidence that

indicates plaintiff's symptoms were not disabling absent the substance abuse. The

Commissioner contends this matter should be remanded for the ALJ to more clearly analyze

plaintiff's substance abuse during the relevant time period pursuant to SSR 13-2p and to clearly

address the medical opinion evidence and records that demonstrate the materiality of plaintiff's

substance abuse.

      In light of plaintiff's opposition to the remand motion, and in the interest of judicial

economy, the Court stayed its ruling on the Commissioner's motion for voluntary remand and

ordered the Commissioner to file a response on the merits to plaintiff's Statement of Errors.

(Doc. 19). The Commissioner filed a response to the Statement of Errors on March 4, 2016.

(Doc. 20). The Commissioner acknowledges that the Court stayed the motion for voluntary

remand and "direct[ed] the Commissioner to file a response brief *on the merits* to Plaintiff's

statement of errors. (Doc. #19)." (*Id*. at 2) (emphasis added). The Commissioner states,

however, that she does not agree that a response on the merits as ordered by the Court is

"appropriate in this case." (*Id*.). The Commissioner concedes that the ALJ's decision is not

supported by substantial evidence and should be reversed. The Commissioner states that the

only issue presented is whether this case should be reversed and remanded for an award of

benefits or reversed and remanded for further administrative proceedings. The Commissioner

11

contends that the latter course is appropriate because there is significant evidence from medical sources in the record regarding the materiality of plaintiff's substance abuse during the closed period at issue; however, the Commissioner asserts that the ALJ did not clearly address material evidence and explain all of her findings. (*Id*. at 2-7). In reply, plaintiff alleges that proof of disability is strong and warrants an award of benefits as requested for the closed period. (Doc. 21).

The Court recommends that the Commissioner's motion for voluntary remand be denied. Given the length of time that plaintiff's disability applications have been pending and the fact that this Court previously remanded this case once before, it is appropriate to consider the merits of plaintiff's appeal of the Commissioner's decision denying her applications for DIB and SSI. Nearly seven years have elapsed since the filing of plaintiff's disability applications. Further delay in the resolution of plaintiff's claim for benefits would be unjust. The proper and just course is for the Court to consider the merits of plaintiff's appeal pursuant to Sentence Four of § 405(g) and deny the Commissioner's motion for voluntary remand. (Doc. 14).

## IV.  Judicial Analysis

### A.  Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers,* 582 F.3d at 651 (quoting *Bowen,* 478 F.3d at 746). *See also Wilson*, 378 F.3d at 545-46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

### B.  Specific Errors

### 1.  Materiality of drug use analysis

### a.  The parties' arguments

Plaintiff alleges that the ALJ erred by failing to properly evaluate whether her drug use was material to the disability determination in accordance with the implementing regulations and the substantive and procedural requirements of SSR 13-2p. (Doc. 9 at 4-8). The arguments offered by plaintiff's counsel in support of this assignment of error are difficult to follow. As

best the Court is able to discern, plaintiff alleges that the ALJ relied exclusively on her own medical expertise regarding plaintiff's drug use or mental disorder rather than evidence in the record contrary to SSR 13-2p(7). (Doc. 9 at 4). Plaintiff also alleges that the ALJ failed to comply with SSR 13-2p(8) because she did not identify an "acceptable medical source" who provided evidence that shows plaintiff has a substance abuse disorder. (*Id*. at 4-5). Plaintiff further indicates that the ALJ violated SSR 13-2p(13) by substituting her lay judgment for the medical judgment of the state agency reviewing physicians, who counsel alleges are responsible for determining the "medical aspects" of the substance abuse analysis.[3] (*Id*. at 5, citing *Blaylock v. Commissioner*, 947 F. Supp.2d 926, 839-40 (N.D. Ohio 2013)). Plaintiff cites ample evidence of drug abuse in the record during the period of alleged disability; however, plaintiff states that the ALJ did not point to a "medical source who diagnosed 'material' drug use as a medically determinable impairment" and alleges that "[a]ny past use of drugs was not 'material' under 20 C.F.R. § 404.1535." (Doc. 9 at 7). Plaintiff further suggests that the ALJ erred by finding her less credible based on her drug use. (*Id*. at 5, citing SSR 13-2p(10). Plaintiff alleges that her severe mental impairments precluded her from performing sustained work activities for 40 hours each week absent drug use and that the evidence the ALJ cited in finding otherwise, including plaintiff's activities of daily living and participation in a recovery program, do not support a contrary finding. (*Id*. at 7, citing Tr. 44, 48, 50, 55, 270, 274). Plaintiff alleges she would have

---

[3] Plaintiff also indicates that the ALJ erred by failing to adopt moderate mental limitations assessed by the state agency reviewing psychologists and by failing to note that they did not find drug use to be material under 20 C.F.R. 404.1535, despite giving their assessments "significant weight." (Doc. 9 at 5-6). It is not clear how these arguments relate to plaintiff's allegation that the ALJ did not perform the required analysis under SSR 13-2p. These allegations are more appropriately considered in connection with plaintiff's arguments that the ALJ improperly weighed the medical opinion evidence and failed to incorporate substantially supported mental functional limitations into the RFC and the hypothetical the ALJ propounded to the VE.

missed considerably more than two to three days of work each month due to the severity of her depression and panic disorder with agoraphobia even in the absence of her drug abuse. (*Id*. at 7).

The Commissioner agrees that the ALJ did not conduct a proper analysis under SSR 13-2p and that the case should be remanded for three purposes. (Doc. 20). First, the Commissioner alleges that the case should be remanded for reevaluation under the Ruling. The Commissioner alleges that even if the ALJ could have better explained her substance and drug use analysis, there is significant evidence in the record from medical sources regarding the materiality of plaintiff's drug use during the period of alleged disability. (Doc. 20 at 3-4). The Commissioner indicates there is "significant evidence" of plaintiff's history of drug abuse during the time period at issue as well as "conflicting evidence" that plaintiff had periods of remission and relapses. (*Id*. at 4-5). The Commissioner alleges that the ALJ explained that the record demonstrates that plaintiff's depression and anxiety markedly increased and her overall functioning drastically declined when she was actively using substances; conversely, her symptoms decreased and her functioning improved to the point where she was able to work with appropriate restrictions during periods of sobriety. (*Id*. at 3-4). The Commissioner alleges that the evidence indicates that plaintiff's symptoms were not disabling in the absence of substance abuse. (*Id*. at 5, citing Tr. 440, 445-46, 476, 478-79, 509, 519, 579-80, 582-83, 830). The Commissioner also notes that the ALJ acknowledged she had difficulty grasping the "true nature and extent" of a relapse plaintiff experienced because of redactions from treatment records related to plaintiff's substance abuse. (*Id*. at 6, citing Tr. 526, 529-30, 532, 534, 537-40, 543-44, 546, 554, 557-59, 561-62, 584).

Second, the Commissioner alleges that the case should be remanded for further evaluation of the medical source opinions. (Doc. 20 at 6). The Commissioner alleges that the opinions of plaintiff's treating psychiatrist arguably support a finding of disability and that the ALJ did not clearly address the opinions of state agency psychologist Dr. Caroline Lewin, Ph.D., regarding restrictions on plaintiff's ability to fulfill job attendance requirements. The Commissioner also argues that the opinions of state agency reviewing psychologists Drs. Lewin and Tonnie Hoyle, Psy.D., and the medical treatment notes support a finding that plaintiff was not disabled absent her substance abuse.

Finally, the Commissioner alleges that the case should be remanded for a further explanation by the ALJ as to how she determined plaintiff's mental RFC. (Doc. 20 at 6-7). The Commissioner argues that the ALJ should explain in detail how she reached her findings that plaintiff was restricted to jobs where changes in the work setting occur no more than 15% of the work day and interaction with the public would not be required for more than 15% of the work day. (*Id*. at 7, citing Tr. 581, 586).

In reply, plaintiff contends that the functional limitations assessed by Dr. Lisa Gray, M.D., Dr. Jeanne Spadafora, Ph.D., and Dr. Nancy Schmidtgoessling, Ph.D., support a finding of disability. (Doc. 21 at 1). Plaintiff alleges that the extreme mental limitations assessed by treating psychiatrist Dr. Gray would preclude her from performing "sustained" work activity on a full-time basis. (*Id*.). Plaintiff relies on the Magistrate Judge's findings in the prior Report and Recommendation in support of her argument that the ALJ should have afforded Dr. Gray's opinion "controlling weight." (*Id*. at 2, citing Tr. 672-73, 500-502). Plaintiff alleges that this case should not be remanded for a third reweighing of the evidence, particularly because the

16

Commissioner does not defend the ALJ's decision to give the state agency reviewing

psychologists' opinions "significant weight" and the ALJ's formulation of plaintiff's mental

RFC. (*Id*. at 2-3).

### b. Resolution

As noted above, counsel's arguments made in support of plaintiff's first assignment of

error are difficult to follow. Counsel's argument reads, in part, as follows:

> [Ruling 13-2p] states that the ALJ can make a drug use materiality determination
> only when the medical evidence from an 'acceptable medical source' shows that
> the claimant has a substance use disorder! Who is this medical source in the
> record? The ALJ erred in not identifying this under Ruling 13-2p (2013). Even if
> the mental impairments improved in the absence of the drug use, this Ruling
> states that the Social Security Administration does not know of any research data
> they can use to predict reliably that the co-existing mental disorder would
> improve. It did not in this case. In addition, this Ruling states that there must be
> evidence in the record, and adjudicators cannot rely exclusively on their own
> medical expertise with regard to the drug use or the mental disorder. See Ruling
> 13-2p(7) on this. Furthermore, the evidence of the drug use must be 'objective
> medical evidence' from an 'acceptable medical source' to find that the claimant
> has drug or alcohol abuse! Ruling 13-2p(8)(b) on this. A claimant is not less
> credible, also, if using drugs or alcohol. Ruling 13-2p(10). The State Agency
> medical consultant is responsible for determining the 'medical aspects' of the
> drug use and alcohol analysis. Ruling 13-2p(13). For a good discussion of this
> Ruling, see *Blaylock v. Commissioner*, 947 F. Supp.2d 826, 839-40 (N.D. Ohio
> 2013).
>
> The ALJ did not do the above required of her under Ruling 13-2p (2013) at Tr.
> 568-590 and thus erred as a matter of law on this.

(Doc. 9 at 4-5).

The Court construes counsel's argument in the first instance as challenging the ALJ's

finding that plaintiff has a substance abuse disorder that constitutes a medically determinable

impairment. Counsel alleges that the ALJ did not identify an "acceptable medical source" who

provided evidence showing that plaintiff suffers from a substance abuse disorder as required under SSR 13-2p(8)(b).  (Doc. 9 at 4-5).  SSR 13-2p(8)(b) provides, in pertinent part:

> Establishing the existence of DAA. i. As for any medically determinable impairment, we must have objective medical evidence-that is, signs, symptoms, and laboratory findings-from an acceptable medical source that supports a finding that a claimant has DAA.

*Id*., 2013 WL 621536, at *10 (citing 20 C.F.R. §§ 404.1502, 416.902, 404.1508, 416.908, 404.1513(a), 416.913(a), 404.928, 416.928).

Counsel's own citations to the record belie plaintiff's allegation that the ALJ did not identify evidence from an acceptable medical source that shows plaintiff suffered from a substance abuse disorder during the period of alleged disability. (*See* Doc. 9 at 6-7).  In the Statement of Errors, counsel states that Dr. Gray, plaintiff's treating psychiatrist, "noted" opioid dependence in 2010 and January of 2011.  (Tr. 506- 5/12/10 diagnosis of "304.73 Opiate dependence in partial remission"; Tr. 505- 1/13/11 diagnosis of "304.0 Opioid dependence"). Several psychologists, who like Dr. Gray qualify as "acceptable medical sources" under the implementing regulations, also diagnosed plaintiff with a substance abuse disorder and provided evidence which supports the ALJ's finding that plaintiff's medically determinable impairments include a substance abuse disorder. *See* 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2) ("acceptable medical sources" include licensed or certified psychologists).  Counsel acknowledges that consultative examining clinical psychologist Dr. Spadafora noted in her January 2009 report that plaintiff was being treated with Methadone. (Doc. 9 at 6, citing Tr. 436).  Dr. Spadafora reported that plaintiff had started using alcohol and drugs at age 14, she had continued to use heroin and Oxycodone past age 19, and she had been through several rehabilitation programs.  (*Id*.).  Dr.

18

Spadafora diagnosed plaintiff with Opioid Dependence. (Tr. 442). Counsel also notes that

consultative examining psychologist Dr. Schmidtgoessling reported in May 2010 that plaintiff

was being treated with Methadone. (Doc. 9 at 6, citing Tr. 475). Dr. Schmidtgoessling noted

that plaintiff had a history of substance use as she had reportedly used pain killers and heroin in

the past and had received substance abuse treatment at a residential program and through two

other programs. (Tr. 476). Dr. Schmidtgoessling diagnosed plaintiff with opioid dependence, in

remission. (Tr. 479). In the Psychiatric Review Technique she completed on June 5, 2010, state

agency reviewing psychologist Dr. Lewin based her medical disposition in part on substance

addiction disorders. (Tr. 482).

The portions of the record cited by counsel show there is ample "medical evidence of

[plaintiff's] drug addiction or alcoholism" that supports the ALJ's finding of a substance abuse

disorder and the ALJ's decision to conduct a materiality analysis. *See* 20 C.F.R. §§ 404.1535,

416.935. *See also Black v. Comm'r of Social Security*, No. 3:14-cv-292, 2016 WL 425045, at *4

(S.D. Ohio Feb. 4, 2016) (Report and Recommendation), *adopted*, 2016 WL 743443 (S.D. Ohio

Feb. 23, 2016) ("Because the record contains evidence that Plaintiff suffers from alcoholism, and

because the ALJ found that Plaintiff has disabling limitations, the ALJ appropriately considered

whether Plaintiff's 'alcoholism is a contributing factor material to the determination of

disability.'"). In light of this record evidence, the ALJ did not err under 13-2p(8) by finding that

plaintiff suffered from a substance abuse disorder that constituted a medically determinable

impairment during the relevant time period.

Counsel for plaintiff further alleges that the ALJ erred by failing to point to "any medical

source who diagnosed 'material' drug use as a medically determinable impairment." (Doc. 9 at

7).  Counsel has not presented any arguments to show how the ALJ erred in this regard.  SSR 13-2p(13)(c) specifies that the ALJ, not a medical source, is responsible for making the materiality determination at the ALJ hearing stage.  SSR 13-2p(13), 2013 WL 621536, at *14.  Counsel has not cited an implementing regulation or a provision of SSR 13-2p that precludes an ALJ from making a materiality determination absent a diagnosis of "material" drug use by a medical source.

Counsel for plaintiff further suggests that the ALJ erred by failing to conduct an appropriate analysis under SSR 13-2p(7).  Plaintiff alleges that the ALJ relied "exclusively on [her] own medical expertise" to find that plaintiff's mental impairments would improve to the extent they would no longer be disabling in the absence of drug abuse.  (*See* Doc. 9 at 4, citing SSR 13-2p(7)).  Counsel notes that pursuant to SSR 13-2p(7), "there must be evidence in the record, and adjudicators cannot rely exclusively on their own medical expertise with regard to the drug use or the mental disorder."  (*Id*.; *see* SSR 13-2p(7)(b), 2013 WL 621536, at *9).  Counsel alleges that "[e]ven if the mental impairments improved in the absence of the drug use, [SSR 13-2p] states that the Social Security Administration does not know of any research data they can use to predict reliably that the co-existing mental disorder would improve.  It did not in this case."  (Doc. 9 at 4, citing SSR 13-2p(7)).  Plaintiff's counsel alludes to the potential relevance of periods of abstinence in cases involving co-occurring mental impairments.  (Doc. 9 at 4).

SSR 13-2p(7) governs the analysis of DAA in a case involving co-occurring mental disorders.  This provision states, in pertinent part:

20

a. Many people with DAA have co-occurring mental disorders; that is, a mental disorder(s) diagnosed by an acceptable medical source in addition to their DAA. We do not know of any research data that we can use to predict reliably that any given claimant's co-occurring mental disorder would improve, or the extent to which it would improve, if the claimant were to stop using drugs or alcohol.

b. To support a finding that DAA is material, we must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA. Unlike cases involving physical impairments, we do not permit adjudicators to rely exclusively on medical expertise and the nature of a claimant's mental disorder.

*Id.*, 2013 WL 621536, at *9. Pursuant to SSR 13-2p(9), periods of abstinence from drug or alcohol abuse may be evidence of whether DAA is material in cases involving co-occurring mental disorders, so long as the period of abstinence is "long enough to allow the acute effects of drug or alcohol use to abate." *Id.*, 2013 WL 621536, at *12. Particularly in cases involving co-occurring mental disorders, "the documentation of a period of abstinence should provide information about what, if any, medical findings and impairment-related limitations remained after the acute effects of drug and alcohol use abated." *Id.* The ALJ may consider the length of the period of abstinence; how recently the period occurred; whether the severity of the co-occurring impairments increased after the period of abstinence ended; and the circumstances under which the period of abstinence occurred, such as whether it took place in a highly structured treatment setting. *Id. See also Bartley v. Barnhart*, 117 F. App'x 993, 998 (6th Cir. 2004) (finding that in making the materiality determination, it is fully consistent with 20 C.F.R. § 416.935(b)(1), (b)(2) for the ALJ to consider periods of sobriety in the record to determine whether the claimant suffers from a debilitating mental illness independent of substance abuse and deciding that the plaintiff "had sufficient periods of sobriety - one eight months long - to determine whether a disabling mental disorder exists independent of substance abuse.")). If the

21

evidence in the case record does not demonstrate the separate effects of the treatment for DAA and for the co-occurring mental disorders, the ALJ must find that DAA is not material.  SSR 13-2p, 2013 WL 621536, at *12. *See also Bartley*, 117 F. App'x at 998 (while the ALJ is free to "consider the limitations of a mental condition when such limitations exist after a claimant stops abusing substances, regardless of the causal relationship between the mental illness and substance abuse," the plaintiff in that case "did not introduce evidence of *any* mental illness that produced disabling limitations during the times he stopped using drugs.").

There is no dispute that the ALJ did not conduct a proper materiality analysis under SSR 13-2p.  However, counsel for plaintiff has not presented a cogent argument that demonstrates how the ALJ's materiality analysis fails to comply with SSR 13-2p(7) or to show that plaintiff is entitled to an award of benefits on this ground.  Counsel has not cited objective evidence in the record that supports a finding that plaintiff was disabled by her co-occurring mental impairments during the closed period of alleged disability.  Counsel generally alleges that "[e]ven when Ms. Parr abstained from drug use, she still had the bipolar with depression, the panic attacks and agoraphobia, as the ALJ found, and these prevented her from 'sustaining work for 40 hours a week.'"  (Doc. 9 at 7).  Counsel cites no medical evidence in support of this broad allegation. Counsel relies on plaintiff's self-reported activities in alleging that the ALJ erred in evaluating materiality and states that "with the severity of the depression and panic disorder with agoraphobia, even when not using drugs,"  plaintiff would have missed "many more" than three days of work per month which the VE testified was the maximum an employer would allow. (*Id*., citing Tr. 61, 626).  Once again, however, counsel has not cited any record evidence to

22

support these broad conclusions. Thus, plaintiff has not shown that a remand and reversal for an outright award of benefits is warranted based on the ALJ's failure to comply SSR 13-2p(7).

Finally, plaintiff alleges that the state agency medical consultant is responsible for determining the medical aspects of the drug and alcohol analysis. (Doc. 9 at 5, citing 13p-2p(13)). Counsel for plaintiff has misconstrued this provision, which states that when the case is at the ALJ hearing stage, "the ALJ . . . determines whether DAA is material to the determination of disability." SSR 13p-2p(13)(c), 2013 WL 621536, at *14. Further, counsel has not developed an argument in support of this particular allegation. Thus, plaintiff has not shown that reversal for an outright award of benefits is warranted on this ground.[4]

In short, plaintiff has not demonstrated that this matter should be reversed and remanded for an award of benefits based on the ALJ's failure to follow the materiality analysis for DAA set forth in SSR 13-2p. Although plaintiff alleges that any past use of drugs was not "material" as defined under 20 C.F.R. §§ 404.1535, 416.935, plaintiff has not presented objective evidence that supports her position and demonstrates that proof of disability during the period of alleged disability is strong. The Commissioner concedes that the ALJ did not conduct a proper materiality analysis for DAA under the implementing regulations and SSR 13-2p. (Doc. 20). However, the Commissioner has cited objective medical and other evidence in the record that shows there are essential factual issues underlying the materiality determination that remain to be resolved. (*Id.*). It is not the function of the reviewing Court to resolve these factual issues and make a determination in the first instance as to whether plaintiff's drug abuse was a contributing

---

[4] Counsel also alleges in the Statement of Errors that, "A claimant is not less credible, also, if using drugs or alcohol. Ruling 13-2p(10)." Counsel does not develop this allegation to any extent.

factor material to her disability during the period of alleged disability.  Plaintiff's first
assignment of error should be overruled.

### 2. The remaining assignments of error

Plaintiff alleges as her remaining assignments of error that the ALJ erred by: (1) failing to
incorporate moderate limitations assessed by the state agency reviewing psychologists and
mental functional limitations imposed by the treating and consultative examining mental health
providers into the RFC finding; (2) failing to properly weigh the medical opinion evidence in
accordance with the prior Report and Recommendation issued in these proceedings; (3)
improperly evaluating plaintiff's credibility and subjective complaints; and (4) improperly
relying on hypothetical questions presented to the VE that did not accurately portray plaintiff's
functional limitations.  (Doc. 9 at 8-12).

Because the ALJ found that plaintiff was disabled during the period of alleged disability
due to functional limitations imposed by all of her severe medical impairments, including her
substance abuse disorder, the issue presented on appeal is whether substantial evidence supports
the ALJ's finding that plaintiff would not have been disabled during the period of alleged
disability absent her substance abuse.  The Court agrees with both the Commissioner and
plaintiff that substantial evidence does not support the ALJ's decision and finds that a remand is
necessary so that the ALJ can conduct a proper materiality analysis.  The ALJ's reevaluation of
whether DAA is a contributing factor material to the disability determination may impact the
ALJ's assessment of the medical opinion evidence, plaintiff's mental functional capacity in the
absence of substance abuse, and plaintiff's credibility.  In any event, even if plaintiff's remaining
assignments of error had merit, the result would be the same: i.e., a remand for further

24

proceedings and not outright reversal for an award of benefits.[5] Thus, to address plaintiff's

remaining assignments of error at this juncture would be premature. Accordingly, plaintiff's

second, third, fourth and fifth assignments of error should be overruled.

## IV.  Conclusion

When the non-disability determination is not supported by substantial evidence, the Court

must decide whether to reverse and remand the matter for rehearing or to reverse and order

benefits granted. The Court has authority to affirm, modify or reverse the Commissioner's

decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v.*

*Sullivan*, 501 U.S. 89, 100 (1991).

Generally, benefits may be awarded immediately "only if all essential factual issues have

been resolved and the record adequately establishes a plaintiff's entitlement to benefits."

*Faucher v. Sec. of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d

918, 927 (6th Cir. 1990); *Varley v. Sec. of H.H.S.*, 820 F.2d 777, 782 (6th Cir. 1987). The Court

may award benefits where the proof of disability is strong and opposing evidence is lacking in

substance, so that remand would merely involve the presentation of cumulative evidence, or

where the proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v.*

*Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir.

1985).

---

[6] Plaintiff relies on little or no evidence to support her remaining assignments of error and a reversal for an outright award of benefits. Aside from referencing Dr. Gray's assessment by transcript page number, counsel cites to no evidence in the record to support plaintiff's allegation that the ALJ erred by failing to properly weigh the medical opinion evidence in accordance with the prior Report and Recommendation issued in these proceedings. (Doc. 9 at 9-10). Further, the only record evidence counsel relies on to support plaintiff's allegation that the ALJ improperly evaluated plaintiff's credibility is Dr. Schmidtgoessling's observation that plaintiff "did not appear to exaggerate of [sic] minimize on her exam." (*Id*. at 10-11, citing Tr. 476).

Here, proof of disability is not overwhelming and not all essential factual issues have been resolved. The parties agree that the ALJ did not conduct a proper materiality analysis, but plaintiff has not shown that the record contains overwhelming proof that she was disabled absent substance abuse during the period of alleged disability. Thus, this matter should be remanded for a proper analysis of whether DAA was a contributing factor material to the determination of disability during the period of alleged disability. On remand, in connection with the materiality analysis, the ALJ should (1) reevaluate plaintiff's mental residual functional capacity for the period of alleged disability; (2) reevaluate the medical opinion evidence in accordance with the governing regulations and explain the reasons for the weight assigned; (3) reassess plaintiff's credibility if warranted; and (4) obtain additional medical and vocational evidence as warranted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion for a voluntary remand (Doc. 14) be **DENIED**.

2. The decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

Date: __7/29/16__

__Karen L. Litkovitz__
Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SABRINA PARR,                                      Case No. 1:15-cv-314
      Plaintiff,                                Beckwith, J.
                                                   Litkovitz, M.J.

    vs.

COMMISSIONER OF
SOCIAL SECURITY,
      Defendant.


### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).

27