## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| SABRINA PARR, | : | Case. No. 1:15cv314 |
| Plaintiff | : |  |
|  | : | Michael R. Barrett, District Court |
|  | : | Litkovitz, M.J. |
| vs. | : |  |
|  | : |  |
| COMMISSIONER OF | : | ORDER |
| SOCIAL SECURITY, | : |  |
| Defendant | : |  |
|  | : |  |
|  | : |  |

This matter is before the Court on the Magistrate Judge' Report and Recommendation (Doc. 22). Plaintiff has filed an Objection to the R&R (Doc. 23).

### I. BACKGROUND

The procedural and factual background was set forth in detail in the R&R and the same will not be repeated here except to the extent necessary to address Plaintiff's objections. Upon review, the Magistrate Judge recommended the decision of the Administrative Law Judge ("ALJ") be reversed, and the matter be remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). Specifically, the Magistrate Judge found that the ALJ did not conduct a proper materiality analysis to determine whether Plaintiff's drug use was a contributing factor material to the determination of disability during the period of alleged disability. (Doc. 22, PageID 981).

Plaintiff objects to the Magistrate Judge's recommendation that the matter be remanded.

## II. STANDARD

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; see also 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. ANALYSIS

### a. Materiality

Like Plaintiff's arguments in support of her first assignment of error, the issues raised in her objections are difficult to follow. Plaintiff's primary objection appears to be that she has proven that her drug use was not material and thus, the matter should be reversed for an award of benefits. Plaintiff points to no evidence in the record to support her position. She seems to argue instead that the existence of her other mental impairments proves her drug use was not material. (Doc. 23, PageID. 984). The presence of other mental impairments alone, however, does not render a claimant's drug use immaterial. As the Magistrate Judge explained, the ALJ must determine whether a claimant with a co-occurring mental disorder would not be disabled in the absence of drug abuse. SSR13-2P, 2013 WL 621536, at *9. In other words, the question is whether the mental disorder exists independent of the substance abuse. *See Bartley v. Barnhart,*

117 F. App'x 993, 998 (6th Cir. 2004). Plaintiff has failed to cite to objective evidence in the record to demonstrate she was disabled by her co-occurring mental disorders absent her drug use.

Moreover, Plaintiff concedes the ALJ did not conduct a proper materiality analysis. (Doc. 23, PageID 984) ("the Magistrate Judge correctly noted that there is no dispute that the ALJ did not conduct a proper materiality analysis."). Once again, Plaintiff has not shown why she is entitled to an award of benefits on this ground. On the contrary, the Magistrate Judge correctly explained, "[i]t is not the function of the reviewing Court to resolve these factual issues and make a determinations in the first instance as to whether plaintiff's drug abuse was a contributing factor material to her disability during the period of alleged disability." (Doc. 22, PageID 978-79).

Accordingly, Plaintiff's objections on this issue are **OVERRULED**.

### b. Weight

Plaintiff next objects to the Magistrate Judge's conclusion that she failed to present objective evidence, citing to Page 23 of the R&R. She directs the Court to Magistrate Judge Bowman's finding in 2014 that Dr. Gray had provided "ample objective evidence" to support her functional limitations. (Doc. 23, PageID 985). Page 23 of the Magistrate Judge's R&R addresses the lack of objective evidence presented by Plaintiff with respect to the materiality issue – not Plaintiff's functional limitations. Thus, Plaintiff's objection as it relates to this issue is unpersuasive.

Plaintiff also seems to argue that because Dr. Gray's opinion is entitled to controlling weight, remanding the matter would be an exercise in futility. She cites to a footnote in the R&R. The Magistrate Judge did not specifically address the proper weight of the medical opinion evidence. Rather, she concluded that the ALJ indeed found Plaintiff was disabled during

the period of alleged disability due to functional limitations. (Doc. 22, PageID 979). She explained, however, that those functional limitations were imposed by all of her severe medical impairments, *including* her substance abuse disorder. (Id.). Consequently, the Magistrate Judge concluded that "the issue presented on appeal is whether substantial evidence supports the ALJ's finding that plaintiff would not have been disabled during the period of alleged disability absent her substance abuse." (Id). Accordingly, Plaintiff's objections, which appear to take issue with the weight given to the opinions of various medical opinions is not relevant to the question herein.

Plaintiff's objections on this issue are **OVERRULED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's objections (Doc. 23) are **OVERRULED** and the Magistrate Judge's R&R (Doc. 23) is **ADOPTED** in its entirety.

Accordingly, it is hereby **ORDERED** that:

1. Defendant's motion for a voluntary remand (Doc. 14) is **DENIED**;

2. The decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to Sentence Four of 42 U.S.C. §405(g).

**IT IS SO ORDERED.**

                                             s/Michael R. Barrett
                                            Michael R. Barrett, Judge
                                            United States District Court